IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2021 OCT -6 A 11: 16
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| EARL STANLEY WARE JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:21-CV-659 |
| ) | |
| CITY OF MONTGOMERY, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

## COMPLAINT

### INTRODUCTION

1. This is an action for legal and equitable relief to redress unlawful discrimination on the basis of race, retaliation, and hostile work environment against the Plaintiff, Earl Stanley Ware Jr. (hereinafter "Plaintiff"), a current employee of the City of Montgomery. This suit is brought to secure the protection of and to redress the deprivation of rights secured by the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Plaintiff requests a trial by jury of all triable issues.

### JURISDICTION AND VENUE

2. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, *et seq.*, 42

U.S.C. § 1983, and the Age Discrimination Act of 1967, as amended.

3. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 1343(a)(3), 42 U.S.C. § 1981, 42 U.S.C. § 1983 and 42 U.S.C. § 2000e, *et. seq*.

4. This action is brought within the State where the unlawful employment practices were committed, making venue proper under 42 U.S.C. 2000e-5(f)(3).

5. Plaintiff's claims are authorized by 28 U.S.C. § § 2201 and 2202 (declaratory judgments), and Fed. R. Civ. P. Rule 57.

6. Plaintiff has satisfied all administrative prerequisites to bringing this claim.

7. Venue is proper in this Honorable Court.

## PARTIES

8. Plaintiff Earl Stanley Ware Jr. ("Plaintiff") is a 38-year-old African American male citizen of the United States and of the State of Alabama. He is a resident of this Judicial District and Division.

9. Defendant City of Montgomery ("Defendant" or "City") is a local agency of the State of Alabama. At all times relevant hereto, the Defendant has engaged in business in Montgomery, Alabama and has been an employer within the meaning of 42 U.S.C. § 2000e(a), Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto. At all times relevant to this action, the Defendant has

maintained and operated a business in Alabama and has fifteen (15) or more employees and is considered an employer for Title VII purposes and the 1991 amendments thereto.

## ADMINISTRATIVE PROCEDURES

10. Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination and retaliation, and the creation of a hostile work environment that occurred at the City of Montgomery.

11. This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment.

12. Plaintiff timely filed his Charge of Discrimination (420-2021-01555) against Defendant with the Equal Employment Opportunity Commission (EEOC) on April 9, 2021, which was filed within 180 days of the commission of the unlawful employment practices alleged herein. (*Exhibit A*)

13. On July 7, 2021, the U.S. Department of Justice, Civil Rights Division issued to Plaintiff a Notice of Right to Sue regarding his EEOC Charges. (*Exhibit B*)

14. Plaintiff filed suit within ninety (90) days of receipt of his Notice of Right to Sue.

15. All administrative prerequisites for filing suit have been satisfied, and

Plaintiff is entitled to bring this action.

## STATEMENT OF FACTS

16. Plaintiff, Earl Stanley Ware Jr., is a 35-year-old African American male.

17. Plaintiff began employment with the Defendant, City of Montgomery, on or around January 25, 2008 as a police officer. Plaintiff achieved the rank of sergeant and was assigned to the Auto Theft Unit.

18. Plaintiff has been discriminated against because of his race and retaliated against because of his support for a fellow African American officer that filed an EEOC charge.

19. On September 25, 2020, Plaintiff was notified by Chief Deputy Reaves, a Caucasian female, that Plaintiff was the subject of an investigation regarding off-duty employment.

20. Plaintiff had been working as a courtesy officer for the Eagle Landing Apartments in Montgomery, Alabama with approval from the City of Montgomery Police Department. Chief Deputy Reaves informed Plaintiff that she was investigating his work as a courtesy officer and that Plaintiff was no longer allowed to work at the Eagle Landing Apartments. Chief Deputy Reaves initiated this investigation, conducted the investigation, and ultimately made the recommendations for discipline. Lieutenant R. Carson and Sergeant S. Hudson, both

Caucasian, also participated in the investigation into Plaintiff.

21. Plaintiff was suspended for 20 days, demoted from sergeant to corporal, and suspended from working off-duty jobs for one year.

22. Other similarly situated Caucasian employees of the police department who have allegedly committed rules violations have been treated more favorably than Plaintiff.

23. Corporal J.R. Henderson, a white male, violated the off-duty employment policy and was treated more favorably than Plaintiff. Corporal J.R. Henderson was not suspended, demoted, or restricted from working off-duty jobs.

24. Sergeant Capps and Sergeant Cochran, both white males, egregiously violated the off-duty employment policy but were also treated more favorably than Plaintiff.

25. Several other white officers assigned to the traffic division were reported for stealing time as they were logging overtime hours that they were not working. These officers are Officer T. Bradley, Officer Q. Commander, Officer T. Jones, and Officer R. Mundy. The information regarding these officers was initially given to Deputy Chief Reaves, but she declined to investigate them. It was only after Deputy Chief Reaves was removed from her position that these allegations were investigated by the City of Montgomery. The City Investigations department interviewed these officers thereby violating the City of Montgomery's own policy

regarding potential criminal investigations.

26. Deputy Chief Reaves refused to investigate allegations of misconduct by white officers and treated Plaintiff and other African American officers less favorably by initiating meritless investigations against them and recommending harsher discipline for African American officers.

27. On October 20, 2020, Officer Antavione Ferguson, an African American male, was terminated by the City of Montgomery Police Department for an incident in which Officer Ferguson deployed a carotid submission hold on a felony suspect. Officer Ferguson filed an EEOC charge based on race discrimination against the Defendant and Plaintiff voiced his support for Officer Ferguson to Chief E.L. Finley.

28. The actions of the Defendant have caused the Plaintiff financial loss, emotional distress, and a contracted quality of life.

29. The Defendant has a habit and/or practice of allowing and condoning discrimination based on race and retaliation.

30. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

### COUNT ONE
### PLAINTIFF'S CLAIMS OF RACE DISCRIMINATION
### IN VIOLATION OF TITLE VII
### AGAINST DEFENDANT

31. Plaintiff hereby adopts and re-alleges paragraphs one (1) through thirty (30) as if fully set forth herein.

32. Plaintiff has been discriminated against because of his race in violation of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto.

33. On September 25, 2020, Plaintiff was notified by Chief Deputy Reaves, a Caucasian female, that Plaintiff was the subject of an investigation regarding off-duty employment.

34. Plaintiff had been working as a courtesy officer for the Eagle Landing Apartments in Montgomery, Alabama with approval from the City of Montgomery Police Department. Chief Deputy Reaves informed Plaintiff that she was investigating his work as a courtesy officer and that Plaintiff was no longer allowed to work at the Eagle Landing Apartments. Chief Deputy Reaves initiated this investigation, conducted the investigation, and ultimately made the recommendations for discipline. Lieutenant R. Carson and Sergeant S. Hudson, both Caucasian, also participated in the investigation into Plaintiff.

35. Plaintiff was suspended for 20 days, demoted from sergeant to corporal, and suspend from working off-duty jobs for one year.

36. Other similarly situated Caucasian employees of the police department who have allegedly committed rules violations have been treated more favorably than Plaintiff.

37. Corporal J.R. Henderson, a white male, violated the off-duty employment policy and was treated more favorably than Plaintiff. Corporal J.R. Henderson was not suspended, demoted, or restricted from working off-duty jobs.

38. Sergeant Capps and Sergeant Cochran, both white males, egregiously violated the off-duty employment policy but were also treated more favorably than Plaintiff.

39. Several other white officers assigned to the traffic division were reported for stealing time as they were logging overtime hours that they were not working. These officers are Officer T. Bradley, Officer Q. Commander, Officer T. Jones, and Officer R. Mundy. The information regarding these officers was initially given to Deputy Chief Reaves, but she declined to investigate them. It was only after Deputy Chief Reaves was moved from her position these allegations were investigated by the City of Montgomery. The City Investigations department interviewed these officers thereby violating the City of Montgomery's own policy regarding potential criminal investigations.

40. Deputy Chief Reaves refused to investigate allegations of misconduct by white officers and treated Plaintiff and other African American officers less favorably by initiating meritless investigations against them and recommending harsher discipline for African American officers.

41. On October 20, 2020, Officer Antavione Ferguson, an African

American male, was terminated by the City of Montgomery Police Department for an incident in which Officer Ferguson deployed a carotid submission hold on a felony suspect. Officer Ferguson filed an EEOC charge based on race discrimination against the Defendant and Plaintiff voiced his support for Officer Ferguson to Chief EL Finley.

42. The actions of the Defendant have caused the Plaintiff financial loss, emotional distress, and a contracted quality of life.

43. The Defendant has a habit and/or practice of allowing and condoning discrimination based on race and retaliation.

44. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

## COUNT TWO
## PLAINTIFF'S CLAIMS OF RETALIATION
## IN VIOLATION OF TITLE VII AGAINST DEFENDANT

45. Plaintiff hereby adopts and re-alleges paragraphs one (1) through thirty (30) as if fully set forth herein.

46. On October 20, 2020, Officer Antavione Ferguson, an African American male, was terminated by the City of Montgomery Police Department for an incident in which Officer Ferguson deployed a carotid submission hold on a felony suspect. Officer Ferguson filed an EEOC charge based on race discrimination

against the Defendant and Plaintiff voiced his support for Officer Ferguson to Chief EL Finley.

47. Plaintiff asserts that because of his support for a fellow African-American officer, Plaintiff was wrongfully investigated, suspended, demoted, and Plaintiff's authorization to work off-duty jobs was revoked.

48. The actions of the Defendant of conducting a meritless investigation, demoting, suspending, and revoking Plaintiff's ability to work off-duty jobs has caused the Plaintiff financial loss, emotional distress, and a contracted quality of life.

49. The Defendant has a habit and/or practice of allowing and condoning discrimination based on race and retaliation.

50. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

## GENERAL PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief after a trial by jury:

A. Grant Plaintiff a declaratory judgment that the practices complained of herein are violative of the provisions of Title VII of the Civil Rights Act of 1964 and the amendments thereto, 42 U.S.C. 2000e, et seq., 42 U.S.C. § 1981, as

amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1983; and the Age Discrimination Act of 1967.

B.   Grant Plaintiff an order enjoining Defendant and all persons acting in concert with Defendant from engaging in discriminatory and retaliatory employment practices;

C.   Grant Plaintiff the appropriate amounts of backpay, interest, benefits, damages, pay raises with back pay, and reinstatement to the job position from which he was discriminatorily denied, or in the alternative, front pay;

D.   Grant Plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress;

E.   Award Plaintiff his costs and expenses, including an award of reasonable attorney's fees; and,

F.   Award such other relief as may be appropriate.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL CLAIMS TRIABLE.**

Respectfully Submitted,

/s/ Scott T. Morro
Scott T. Morro (ASB-4954-C30M)
Attorney for Plaintiff
Morro Law Center, LLC
P.O. Box 1644
Gardendale, AL 35071
Telephone: (205)631-6301
Fax: (205) 285-8542

morrolawcenter@bellsouth.net

**DEFENDANTS TO BE SERVED VIA PRIVATE PROCESS SERVER**